# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| CINDY LUZUNARIS, individually and as Personal Representative of the ESTATE OF DANNY LUZUNARIS, et. al., <br><br> Plaintiffs, <br><br> v. <br><br> CONMED HEALTHCARE MANAGEMENT, INC., a Maryland private corporation; COUNTY OF KITSAP, a public entity; KEITH BATTS, in his individual capacity and as an employee of Conmed Healthcare Management; and DOES 1-25; <br><br> Defendants. | No. <br><br> PLAINTIFF'S COMPLAINT FOR INJURIES IN TORT UNDER 42 U.S.C. § 1983, WASHINGTON CONSTITUTION, NEGLIGENCE, AND WRONGFUL DEATH <br><br> JURY TRIAL DEMANDED |

## I. JURISDICTION

1.1 This Complaint seeks damages for the violation of the substantive due process rights of Danny Luzunaris, deceased, by Defendants, all acting under color of law, as guaranteed under the Fourteenth Amendment of the United States Constitution. Plaintiffs bring this action under 42 U.S.C. § 1983. Plaintiffs also bring this action under state law against all Defendants whose conduct also caused the wrongful death of Danny Luzunaris.

COMPLAINT FOR INJURIES IN TORT UNDER 42 U.S.C. § 1983, AND FOR WORNGFUL DEATH - PAGE 1 OF 14

PHILLIPS LAW FIRM
13303 NE 175th Street
Woodinville, WA 98072
Telephone: (425) 482-1111
Facsimile: (425) 482-6653

1.2 The Complaint seeks remedies pursuant to 42 U.S.C. § 1983. Jurisdiction is conferred upon the United States District Court by 28 U.S.C. §§ 1331 and 1334. This Court has supplemental jurisdiction over Plaintiffs' state law claim pursuant to 28 U.S.C. § 1367(a).

## II. VENUE

2.1 The actions giving rise to Defendants' alleged liability occurred in the City of Port Orchard, County of Kitsap, State of Washington. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b), and Local Civil Rule 3(d)(1).

## III. JURY TRIAL DEMAND

3.1 Plaintiffs demand a jury trial in this action pursuant to FRCP 38(b).

## IV. PARTIES

4.1 This Complaint arises from the death of Danny Luzunaris. Mr. Luzunaris died without leaving a will. To the extent this action seeks to recover damages under 42 U.S.C. § 1983 for violation of rights personal to Mr. Luzunaris, this action is brought on behalf of the Estate of Danny Luzunaris by his successors in interest: Cindy Guerrero-Luzunaris, Danny Luzunaris, Jr., Timothy Halican, David Halican, Brandon Guerrero, and Matthew Guerrero.

4.2 Cindy Luzunaris also seeks damages for the wrongful death of her husband, Danny Luzunaris, under the laws of the State of Washington.

4.3 Defendant Conmed Healthcare Management, Inc. ("Conmed") is a private entity incorporated in the State of Maryland, and is a private entity performing a government function and is therefore a "person" under 42 U.S.C. § 1983. The actions and failures to act which this complaint alleges against Conmed were also committed by individuals acting in the course and scope of their employment with Conmed (see paragraph 12). Conmed and its employees are also liable under Washington State law for their actions or inactions which caused the death of Mr. Luzunaris.

COMPLAINT FOR INJURIES IN TORT
UNDER 42 U.S.C. § 1983, AND FOR
WORNGFUL DEATH - PAGE 2 OF 14

PHILLIPS LAW FIRM
13303 NE 175th Street
Woodinville, WA 98072
Telephone: (425) 482-1111
Facsimile: (425) 482-6653

4.4 At all times relevant to this Complaint, Conmed operated the health services at Kitsap County Jail, located in Port Orchard, Washington.

4.5 Defendant County of Kitsap ("County") is a local government entity and therefore a "person" under 42 U.S.C. § 1983. The actions and failures to act which this Complaint alleges against the County were committed by individuals acting in the course and scope of their employment with the County (see paragraph 12). The County and its employees are also liable under Washington State law for the actions or inactions which caused the death of Mr. Luzunaris.

4.6 At all times relevant to this Complaint, the County operated the Kitsap County Jail, located in Port Orchard, Washington.

4.7 At all times relevant to this Complaint, Defendant Keith Batts was the Medical Director of King County Jail and the policymaker responsible for the health administration of the Kitsap County Jail and for the training and supervision of health personnel at the Jail. At all times relevant, Keith Batts was acting under the color of law and in the course and scope of his employment. He is also sued in his individual capacity.

4.8 On information and belief, Plaintiffs further allege that Keith Batts delegated this responsibility to other County and Conmed employees. To the extent such delegation occurred, those employees acted as the relevant policy makers responsible for the administration of the health services at the Jail and for the supervision of suicidal detainees and inmates. The names of these individuals are unknown (see paragraph 12). They also acted under the color of law and in the course and scope of their employment. They are also sued in their individual capacity.

4.9 Plaintiffs do not know the true names and capacities of Defendants Does 1-25, and therefore sue these Defendants by such fictitious names. Plaintiffs will amend their Complaint once the true names and capacities of Does 1-25 have been ascertained. On information and belief,

COMPLAINT FOR INJURIES IN TORT
UNDER 42 U.S.C. § 1983, AND FOR
WORNGFUL DEATH - PAGE 3 OF 14

PHILLIPS LAW FIRM
13303 NE 175th Street
Woodinville, WA 98072
Telephone: (425) 482-1111
Facsimile: (425) 482-6653

Defendants Does 1-25 are responsible for the injuries suffered and damages incurred by Plaintiffs. On information and belief, Defendants Does 1-25 acted as County and Conmed policymakers, supervisors, or subordinates in the course and scope of their employment. Defendants Does 1-25 are sued in their official and individual capacities. Any reference in this Complaint to "Defendants" also refers to Defendants Does 1-25.

## V. FACTS

5.1 Danny Luzunaris committed suicide by hanging himself in Kitsap County Jail on 8/11/2010. He hung himself shortly after being left alone in his cell following questioning regarding his marital demise and violation of a no contact order placed upon him by his wife.

5.2    Prior to hanging himself, Mr. Luzunaris had a history of mental health problems and suicidal attempts and ideation. From July 5, 2010 through July 19, 2010, Mr. Luzunaris was held as an inpatient in the mental health unit at St. Joseph Hospital for depression and suicidal ideation. The records indicate that his main triggers and stressors were the loss of his job, demise of his marriage, and pending divorce.

5.3    On July 22, 2010, three days after being release from St. Joseph Hospital, Mr. Luzunaris was incarcerated at Kitsap County Jail for violation of a protection order.

5.4    On the same day, Mr. Luzunaris went through a mental health screening which notes Mr. Luzunaris's three suicide attempts in that year, and that he was on psychiatric medication of Clonazepam and Venlafaxine. When asked if he felt suicidal, he responded "Yes". He was then cleared to be held in general population.

5.5    The next day, on July 23, 2010, Mr. Luzunaris submitted an "Inmate Request for Medical Attention" in which he inquired about the change in in psychiatric medications. The provider responded that "I reviewed your mental health records. You are getting your

COMPLAINT FOR INJURIES IN TORT
UNDER 42 U.S.C. § 1983, AND FOR
WORNGFUL DEATH - PAGE 4 OF 14

PHILLIPS LAW FIRM
13303 NE 175th Street
Woodinville, WA 98072
Telephone: (425) 482-1111
Facsimile: (425) 482-6653

Effexor medication but we do not provide medication to aid with anxiety so you cannot have the Clonazepam in jail."

5.6    On July 29, 2010, Mr. Luzunaris was released from incarceration in the morning and then re-incarcerated the same afternoon, again for violation of the No Contact Order. While being read his Miranda rights, Mr. Luzunaris became very agitated and was talking about killing himself. The arresting officer took Mr. Luzunaris to the hospital for evaluation prior to being taken into custody at the jail. When the arresting officer returned to the jail to take Mr. Luzunaris into custody, the arresting office was informed by hospital staff that Mr. Luzunaris has broken his glasses and threatened to kill himself by cutting his neck with the broken glass from his glasses and that Mr. Luzunaris has said he would try to kill himself while in the officer's patrol car.

5.7    That same day, while in custody, Mr. Luzunaris attempted to commit suicide by cutting his neck. The next day, on July 30, 2010, Mr. Luzunaris submitted a written report of the suicide attempt. That attempt constituted his fourth attempt that year.

5.8    On July 30, 2010, at the request of Conmed, Mr. Luzunaris completed forms in a manner that should have been a "trigger for suicide watch" per Conmed's own standards. Conmed's Intake Mental Health Screen states that "if answer to questions 1-3 on page 1 is "Yes" or if "triggers for Suicide Watch" on page 2 are present immediately contact mental health". "Triggers for Suicide Watch" were present on page 2 of Mr. Luzunaris's Intake Mental Health form.

5.9    When asked if he "is thinking of hurting or killing himself," Mr. Luzunaris responded "sometimes". Mr. Luzunaris was cleared to be held in a cell in "general population" rather than put under "special observation."

COMPLAINT FOR INJURIES IN TORT
UNDER 42 U.S.C. § 1983, AND FOR
WORNGFUL DEATH - PAGE 5 OF 14

PHILLIPS LAW FIRM
13303 NE 175th Street
Woodinville, WA 98072
Telephone: (425) 482-1111
Facsimile: (425) 482-6653

5.10  On Conmed's Suicide Questionnaires of July 22, 2010, and July 30, 2010, Mr. Luzunaris wrote that he had attempted suicide four times the past year, the last of which was on July 29, 2010 while in custody at Kitsap County Jail.

5.11  On Conmed's Suicide Questionnaires of July 22, 2010, and July 30, 2010, Mr. Luzunaris wrote that he had a history of suicide in his family and that his father had hung himself around 10 years earlier.

5.12  During Conmed's Intake Mental Health Screen, personnel noted that Mr. Luzunaris had received prior psychiatric care at Crown Hill Medical Center and that he had received in-patient psychiatric care at St. Joseph's Hospital.

5.13  During Conmed's Intake Mental Health Screen, personnel noted that Mr. Luzunaris was diagnosed with bipolar disorder, depression, and anxiety.

5.14  During Conmed's Intake Mental Health Screen, personnel noted that Mr. Luzunaris needed and had a prescription for Clonazepam to treat anxiety and bipolar disorder, and a prescription for Effexor XR to treat depression.

5.15  While in custody at Kitsap County Jail and under the care of Conmed, Mr. Luzunaris was deprived of his Clonazepam to treat his Bipolar and anxiety.

5.16  While in custody at Kitsap County Jail and under the care of Conmed, Mr. Luzunaris' Effexor dosage and prescription of Effexor was altered.

5.17  Twice, Mr. Luzunaris submitted written Inmate Requests for Medical Attention. The file is void of any attempt to address Mr. Luzunaris's requests for attention and help. Instead, Mr. Luzunaris was simply told he could not have Clonazepam, the medication he wanted and that changes were ordered by the doctor with no explanation to his question of "why?"

COMPLAINT FOR INJURIES IN TORT
UNDER 42 U.S.C. § 1983, AND FOR
WORNGFUL DEATH - PAGE 6 OF 14

PHILLIPS LAW FIRM
13303 NE 175th Street
Woodinville, WA 98072
Telephone: (425) 482-1111
Facsimile: (425) 482-6653

5.18   No one from Kitsap County Jail or Conmed ever tried to contact any of Mr. Luzunaris's prior healthcare providers for details regarding his condition, guidance on his care, or to obtain any information regarding Mr. Luzunaris at all.

## VI. COUNT I

### Violation of Fourteenth Amendment right to substantive due process under 42 U.S.C. § 1983 against Defendants Keith Batts and Does 1-25

6.1   Plaintiffs reallege and incorporate by reference paragraphs 1 through 31 of this complaint as though fully set forth in this Count I.

6.2   Defendants Keith Batts and Does 1-25 ("Defendants") acted or failed to act, demonstrating deliberate indifference toward the protection of Mr. Luzunaris's constitutional right to substantive due process under the Fourteenth Amendment to the United States Constitution.

6.3   Defendants in this cause of action acted under color of law.

6.4   Mr. Luzunaris's history of recent suicide attempts; diagnoses of bipolar disorder, depression, and anxiety; and repeated visits at psychiatric facilities all qualified his medical need upon entry into Kitsap County Jail as a serious medical need where a substantial risk of harm existed.

6.5   Defendants had written notice from Mr. Luzunaris that he had attempted suicide four times in the past year, the last of which was on 7/29/2010 while in custody at Kitsap County Jail.

6.6   Defendants had written notice that Mr. Luzunaris had a history of suicide in his family and that his father had hung himself approximately 10 years earlier.

COMPLAINT FOR INJURIES IN TORT
UNDER 42 U.S.C. § 1983, AND FOR
WORNGFUL DEATH - PAGE 7 OF 14

PHILLIPS LAW FIRM
13303 NE 175th Street
Woodinville, WA 98072
Telephone: (425) 482-1111
Facsimile: (425) 482-6653

6.7   Defendants were aware that Mr. Luzunaris had received prior psychiatric care at Crown Hill Medical Center and that he had received in-patient psychiatric care at St. Joseph's Hospital.

6.8   Defendants were aware that Mr. Luzunaris was diagnosed with Bipolar, depression and anxiety.

6.9   Defendants were aware that Mr. Luzunaris needed and had a prescription for Clonazepam to treat anxiety and Bipolar and a prescription for Effexor XR to treat depression.

6.10   The high risk of suicide was obvious to Defendants.

6.11   Given Mr. Luzunaris's reported history, recent suicide attempts and verbalization of intention to commit suicide, the appropriate duty of care would have required Defendants to maintain and closely monitor Mr. Luzunaris on his medication for bipolar, depression, and anxiety. Defendants did not follow provided proper care when Mr. Luzunaris was denied his Clonazepam and his Effexor dose was decreased from Effexor XR 150 mg twice daily to Effexor XR 150mg once daily.

6.12   Given Mr. Luzunaris's reported history, recent suicide attempts, and verbalization of intention to commit suicide, the appropriate proper duty of care and common sense have required Defendants to recognize that Mr. Luzunaris was at substantial risk of harming himself and also to report this risk to Kitsap County Jail. Given the information at hand and available to Defendants, the failure to recognize that Mr. Luzunaris was at substantial risk to harm himself demonstrates deliberate indifference on the part of Defendants.

6.13   Given Mr. Luzunaris's reported history, recent suicide attempts, and verbalization of intention to commit suicide, the proper duty of care and common sense would

COMPLAINT FOR INJURIES IN TORT
UNDER 42 U.S.C. § 1983, AND FOR
WORNGFUL DEATH - PAGE 8 OF 14

PHILLIPS LAW FIRM
13303 NE 175th Street
Woodinville, WA 98072
Telephone: (425) 482-1111
Facsimile: (425) 482-6653

require Defendants to contact and speak with Mr. Luzunaris's treating physicians before altering his medications.

6.14   Even if Mr. Luzunaris's prescription had not been altered and deprived, given Mr. Luzunaris's reported history, recent suicide attempts, and verbalization of intention to commit suicide, Defendants should have recognized the need to closely monitor Mr. Luzunaris and ensure such monitoring occurred. Instead, Mr. Luzunaris was cleared by Defendants to be put into the "general population" rather than to be put on "special observation" and/or "suicide watch". The fact that Mr. Luzunaris's psychiatric medications had been deprived and/or decreased made the need for vigilant observation even more apparent and more necessary.

6.15   Danny Luzunaris died August 11, 2010, due to cerebral anoxia secondary to hanging and caused by a change in his medications for Bipolar disorder, depression, and anxiety and by failure to closely observe an inmate who showed clear signs of, had recently attempted, and verbalized his intent to commit suicide. The alteration in Effexor and refusal to provide Clonazepam, or any other mood stabilizer, mobilized Mr. Luzunaris and increased his anxiety, and created a panic situation in which he lost control of suicidal ideation and acted upon an impulse and committed suicide, in a manic state of mind which was part of his Bipolar condition.

6.16   Danny Luzunaris's suicide could and should have been prevented had he been treated properly by Defendants at Kitsap County Jail and had a portion of his psychiatric medication not been withheld and a portion of his medication decreased in dosage. With proper management of his condition and with proper observation and supervision by jail authorities, Mr. Luzunaris would not have attempted or committed suicide.

6.17 Plaintiffs have suffered damages as a result of Defendants' acts or omissions.

COMPLAINT FOR INJURIES IN TORT
UNDER 42 U.S.C. § 1983, AND FOR
WORNGFUL DEATH - PAGE 9 OF 14

PHILLIPS LAW FIRM
13303 NE 175th Street
Woodinville, WA 98072
Telephone: (425) 482-1111
Facsimile: (425) 482-6653

# VII. COUNT II

## Violation of Fourteenth Amendment right to substantive due process under 42 U.S.C. § 1983 against Defendant County of Kitsap

7.1     Plaintiffs reallege and incorporate by reference paragraphs 1 through 47 of this Complaint as though fully incorporated under Count II.

7.2     At all times relevant, the County, acting through its employees and policy makers, possessed the power and authority to develop and implement training materials and enforce policies, customs, practices, and procedures regarding the safety of suicidal detainees and inmates.

7.3     Through its policy makers and employees, the County had extensive knowledge of the obvious and known danger of failing to adequately train its employees during mental health screenings.

7.4     Through its policy makers and employees, the County was fully aware that the failure to properly train its employees at the Jail to take adequate safety measures for pretrial detainees and inmates would place such detainees and inmates at great risk of suicide.

7.5     Through its policy makers and employees, the County failed to properly train and supervise its staff to take adequate steps to safeguard suicidal pretrial detainees and inmates.

7.6     Through its policy makers and employees, the County failed to implement and enforce policies, standards, and procedures that would adequately safeguard suicidal detainees and inmates.

7.7 As a proximate cause of the County's deliberate indifference and failures described above, Mr. Luzunaris was able to commit suicide and was deprived of his right to life and

COMPLAINT FOR INJURIES IN TORT
UNDER 42 U.S.C. § 1983, AND FOR
WORNGFUL DEATH - PAGE 10 OF 14

PHILLIPS LAW FIRM
13303 NE 175th Street
Woodinville, WA 98072
Telephone: (425) 482-1111
Facsimile: (425) 482-6653

liberty within due process of the law as protected by the Fourteenth Amendment to the U.S. Constitution, and Plaintiffs have suffered damages as a result.

## VIII. COUNT III

### Violation of Fourteenth Amendment right to substantive due process under 42 U.S.C. § 1983 against Defendant Conmed Healthcare Management, Inc.

8.1    Plaintiffs reallege and incorporate by reference paragraphs 1 through 54 of this Complaint as though fully incorporated under Count III.

8.2    At all times relevant, Conmed, acting through its employees and policy makers, possessed the power and authority to develop and implement training materials and enforce policies, customs, practices, and procedures regarding the safety of suicidal detainees and inmates.

8.3    Through its employees and policy makers, Conmed had extensive knowledge of the obvious and known danger of failing to adequately train its employees during mental health screenings.

8.4    Through its employees and policy makers, Conmed was fully aware that the failure to properly train its employees at the Jail to take adequate safety measures for pretrial detainees and inmates would place such detainees and inmates at great risk of suicide.

8.5    Through its policy makers and employees, Conmed failed to properly train and supervise its staff to take adequate steps to safeguard suicidal pretrial detainees and inmates.

8.6    Through its policy makers and employees, Conmed failed to implement and enforce policies, standards, and procedures that would adequately safeguard suicidal detainees and inmates.

COMPLAINT FOR INJURIES IN TORT
UNDER 42 U.S.C. § 1983, AND FOR
WORNGFUL DEATH - PAGE 11 OF 14

PHILLIPS LAW FIRM
13303 NE 175th Street
Woodinville, WA 98072
Telephone: (425) 482-1111
Facsimile: (425) 482-6653

8.7 As a proximate cause of Conmed's deliberate indifference and failures described above, Mr. Luzunaris was able to commit suicide and was deprived of his right to life and liberty within due process of the law as protected by the Fourteenth Amendment to the U.S. Constitution, and Plaintiffs have suffered damages as a result.

### IX. COUNT IV

### Wrongful Death against all Defendants under

### RCW 4.20.010, RCW 4.20.020, RCW 4.20.046, and RCW 4.20.060

9.1 Plaintiffs reallege and incorporate by reference paragraphs 1 through 47 as though fully set forth in this Count IV.

9.2 On July 11, 2012, Plaintiffs submitted a timely claim to the County of Kitsap pursuant to the provisions found in RCW 4.92 et seq.

9.3 Defendants Keith Batts and Does 1-25, while acting within the course and scope of their employment with the County and/or Conmed, had a duty to provide Mr. Luzunaris with reasonable medical care.

9.4 Defendants Keith Batts and Does 1-25, while acting within the course and scope of their employment with the County and/or Conmed, were aware that Mr. Luzunaris exhibited triggers requiring him to be placed on suicide watch.

9.5 Defendants Keith Batts and Does 1-25, while acting within the course and scope of their employment with the County and/or Conmed, breached that duty to provide reasonable medical care by failing to recognize the triggers for suicide watch that Mr. Luzunaris presented during the mental health screen.

COMPLAINT FOR INJURIES IN TORT
UNDER 42 U.S.C. § 1983, AND FOR
WORNGFUL DEATH - PAGE 12 OF 14

PHILLIPS LAW FIRM
13303 NE 175th Street
Woodinville, WA 98072
Telephone: (425) 482-1111
Facsimile: (425) 482-6653

9.6     Defendants Keith Batts and Does 1-25, while acting within the course and scope of their employment with the County and/or Conmed, breached their duty by placing Mr. Luzunaris in the Jail's general population.

9.7     Defendants caused by wrongful act, neglect, or default of another the suicide of Mr. Luzunaris.

9.8     As a direct result of Defendants' negligence, Plaintiffs Cindy Luzunaris and the Estate of Danny Luzunaris, which includes Cindy Guerrero-Luzunaris, Danny Luzunaris, Jr., Timothy Halican, David Halican, Brandon Guerrero, and Matthew Guerrero, have suffered the loss of economic and non economic damages, including, cost of healthcare and funeral expenses; net accumulations lost to the estate; past and future wage and benefits loss; conscious pain and suffering; loss of money, goods and services that would have been received by claimants; loss of consortium; and loss of love, care, companionship and guidance.

9.9     Defendants Conmed and the County are vicariously liable for the injuries sustained to Plaintiffs caused by their employees' wrongful acts or omissions.

9.10    Danny Luzunaris's claim survives to his Personal Representative per RCW 4.20.046-4.20.060.

## X. PRAYER FOR RELIEF

10.1    Plaintiffs pray for relief as set forth below:

    a. for general damages to be determined by a jury;

    b. for special damages to be determined by a jury;

    c. for punitive damages pursuant to 42 U.S.C. § 1983;

    d. for reasonable attorneys' fees pursuant to 42 U.S.C. § 1988;

    e. for prejudgment interest;

COMPLAINT FOR INJURIES IN TORT
UNDER 42 U.S.C. § 1983, AND FOR
WORNGFUL DEATH - PAGE 13 OF 14

PHILLIPS LAW FIRM
13303 NE 175th Street
Woodinville, WA 98072
Telephone: (425) 482-1111
Facsimile: (425) 482-6653

f. for costs of suit;

g. for other relief that the Court or the jury may deem proper.

DATED this 29th day of July, 2013.

PHILLIPS LAW FIRM

_____
Joseph J Ganz, WSBA# 3318
Attorney for Plaintiffs

COMPLAINT FOR INJURIES IN TORT
UNDER 42 U.S.C. § 1983, AND FOR
WORNGFUL DEATH - PAGE **14** OF **14**

PHILLIPS LAW FIRM
13303 NE 175th Street
Woodinville, WA 98072
Telephone: (425) 482-1111
Facsimile: (425) 482-6653